

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: April 05, 2016.**

_____
**CRAIG A. GARGOTTA
UNITED STATES BANKRUPTCY JUDGE**
_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **In re:** § | | |
| **SANJEL (USA) INC.,** § | **Case No. 16-50778** | |
| Debtor in a foreign proceeding. § | **Chapter 15** | |
| § | | |
| **In re:** § | | |
| **SANJEL CORPORATION,** § | **Case No. 16-50784** | |
| Debtor in a foreign proceeding. § | **Chapter 15** | |
| § | | |
| **In re:** § | | |
| **SURETECH GROUP LTD.,** § | **Case No. 16-50786** | |
| Debtor in a foreign proceeding. § | **Chapter 15** | |
| § | | |
| **In re:** § | | |
| **SANJEL ENERGY SERVICES (USA) INC.,** § § | **Case No. 16-50795** | |
| Debtor in a foreign proceeding. § | **Chapter 15** | |
| § | | |
| **In re:** § | | |
| **SURETECH COMPLETIONS (USA) INC.,** § § | **Case No. 16-50789** | |
| Debtor in a foreign proceeding. § | **Chapter 15** | |
| § | | |
| **In re:** § | **Case No. 16-50783** | |
| **SANJEL CAPITAL (USA) INC.,** § | **Chapter 15** | |
| Debtor in a foreign proceeding. § § | | |

| | | |
|---|---|---|
| **In re:** § <br> **TERRACOR GROUP LTD.,** § <br>      Debtor in a foreign proceeding. § <br> § | | **Case No. 16-50790** <br> **Chapter 15** |
| **In re:** § <br> **TERRACOR (USA) INC.,** § <br>      Debtor in a foreign proceeding. § <br> § | | **Case No. 16-50791** <br> **Chapter 15** |
| **In re:** § <br> **TERRACOR RESOURCES (USA) INC.,** § <br>      Debtor in a foreign proceeding. § <br> § | | **CASE NO. 16-50793** <br> **Chapter 15** |
| **In re:** § <br> **TERRACOR LOGISTICS (USA) INC.,** § <br>      Debtor in a foreign proceeding. § <br> § | | **CASE NO. 16-50794** <br> **Chapter 15** <br> **Joint Administration Pending** |

**ORDER GRANTING MONITOR'S EMERGENCY EX PARTE
APPLICATION FOR TEMPORARY RESTRAINING ORDER
AND RELIEF PURSUANT TO SECTIONS 105(A), 1519, 1521
AND OTHER SECTIONS OF THE BANKRUPTCY CODE**

On April 4, 2016, PricewaterhouseCoopers Inc. ("PwC" or the "Monitor"), as the court-appointed and authorized foreign representative of the above-captioned Chapter 15 Debtors, filed "Monitor's Emergency Ex Parte Application For Temporary Restraining Order And Relief Pursuant To Sections 105(A), 1519, 1521 And Other Sections Of The Bankruptcy Code ("TRO Application") in the above styled and numbered chapter 15 cases.

The Court finds that notice was proper (or that to the extent that notice was insufficient, this Order should be issued without notice to avoid irreparable harm to the Chapter 15 Debtors), and that no party in interest made any response in opposition to the TRO Application, or, if so, the relief requested in any such response was denied for the reasons stated on the record, and further finds that the relief requested in the TRO Application should be granted. All terms not expressly defined herein shall have the meaning ascribed to them in the TRO Application.

2

This Court having considered and reviewed: (i) the TRO Application, (ii) Monitor's Expedited Petition For Recognition As Foreign Main Proceeding Pursuant To Sections 1515 And 1517 Of The United States Bankruptcy Code And Related Relief ("Petition") (iii) the exhibits to such TRO Application and Petition, (iv) the Initial Order entered in the Canadian Proceeding, (v) all other documents filed in support thereof (collectively, the "Supporting Papers"), and this Court having heard the parties on April 5, 2016, and based upon the evidence presented and the representations made on the record at such hearing, this Court finds and concludes as follows:

A. The "Chapter 15 Debtors" are the following ten entities: Sanjel (USA) Inc., Sanjel Corporation, Suretech Group Ltd., Sanjel Energy Services (USA), Suretech Completions (USA), Sanjel Capital (USA) Inc., Terracor Group Ltd., Terracor (USA) Inc., Terracor Resources (USA) Inc., and Terracor Logistics (USA) Inc.

B. On April 4, 2016, the Chapter 15 Debtors filed applications for the commencement of reorganization proceedings (the "Canadian Proceedings") pursuant to the Companies' Creditors Arrangement Act (the "CCAA") in the Court of Queen's Bench of Alberta, Judicial Centre of Calgary (the "Canadian Court").

C. On April 4, 2016, the Canadian Court granted an Initial Order (the "Initial Order") for relief in the Canadian Proceedings. Also, on April 4, 2016, the Canadian Court appointed PwC as (i) the Monitor of the Canadian Proceedings and (ii) the foreign representative of the Chapter 15 Debtors.

D. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and (b) and 1334(a) and (b) and Sections 109 and 1501 of the Bankruptcy Code. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

E. Venue is proper in this district pursuant to 28 U.S.C. §§ 1410 and 1408.

F. The Monitor is a person within the meaning of Section 101(41) of the Bankruptcy Code and is the duly appointed foreign representative of the Chapter 15 Debtors within the meaning of Section 101(24) of the Bankruptcy Code.

G. This case was properly commenced pursuant to Sections 1504 and 1515 of the Bankruptcy Code. The notice of the application was sufficient given the circumstances of these cases and the potential for immediate and irreparable harm to the Chapter 15 Debtors.

4814-3157-2527.1
113232\000001
04/05/2016 11:37 AM

H. There is a substantial likelihood that the Court, upon final consideration, will find that the Canadian Proceedings are foreign proceedings within the meaning of Section 101(23) of the Bankruptcy Code.

I. There is a substantial likelihood that the Court, upon final consideration, will find the Canadian Proceedings are entitled to recognition by this Court pursuant to Section 1517 of the Bankruptcy Code.

J. There is a substantial likelihood that the Court, upon final consideration, will find that the Canadian Proceedings will be entitled to recognition as foreign main proceedings pursuant to Section 1502(4) of the Bankruptcy Code and will be entitled to recognition as foreign main proceedings pursuant to Section 1517(b)(1) of the Bankruptcy Code.

K. Relief is urgently needed to protect the assets of the Chapter 15 Debtors or the interests of the creditors pursuant to 11 U.S.C. § 1519(a). Therefore, the Monitor and the Chapter 15 Debtors are entitled to the provisional relief afforded under Section 1519 of the Bankruptcy Code.

L. The relief granted is necessary and appropriate, in the interest of the public and international comity, consistent with the United States public policy, and will not cause any hardship to any party in interest that is not outweighed by the benefits of granting the requested relief.

M. As described above, the Monitor has a substantial likelihood of prevailing on the merits. Even if the Canadian Proceedings are "foreign nonmain proceedings," there is a substantial likelihood that the Monitor will be able to demonstrate that he is entitled to relief under 11 U.S.C. § 1521(a).

N. There is a substantial threat of immediate and irreparable injury if the injunction is not issued. The Chapter 15 Debtors are attempting to sell their assets or otherwise restructure in the Canadian Proceedings. If the injunctive relief is not ordered, the sale or restructuring could be jeopardized.

O. Any threatened injury to the Chapter 15 Debtors outweighs any damage the injunction might cause to the opponents. The injunctive relief would actually benefit the Chapter 15 Debtors' creditors by ensuring an equitable and orderly restructuring in the Canadian Proceedings as well as a restructuring of the Chapter 15 Debtors' business, assets and undertakings in the United States.

P. The injunction will not disserve the public interest. The injunctive relief is in the public interest. It acts to facilitate a cross-border reorganization that will provide a benefit to the estates of the Chapter 15 Debtors. The injunctive relief is supported by notions of comity and will allow the Chapter 15 Debtors to craft a productive solution for their estates.

4814-3157-2527.1
113232\000001
04/05/2016 11:37 AM

Q. The Monitor, in its role as foreign representative of the Chapter 15 Debtors, and the Chapter 15 Debtors, are entitled to the full protections and rights available pursuant to Section 1519(a) of the Bankruptcy Code.

R. Permitting the current cash management system to continue pursuant to existing agreements between the Chapter 15 Debtors and their existing depository and disbursement banks (collectively, the "Banks") will facilitate the continued operations of the Chapter 15 Debtors as a going concern.

**NOW, THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:**

1. Except with respect to the provisions regarding the Interim Financing and the Interim Financing Charge,[1] the terms of the Initial Order are hereby given full force and effect on an interim basis until otherwise ordered by this Court.

2. The commencement or continuation of any action or proceeding concerning the assets, rights, obligations or liabilities of the Chapter 15 Debtors, including any action or proceeding against PwC in its capacity as Monitor and foreign representative of the Chapter 15 Debtors, is hereby stayed.

3. Execution against the assets of the Chapter 15 Debtors is hereby stayed.

4. The administration or realization of all or part of the assets of the Chapter 15 Debtors within the territorial jurisdiction of the United States is hereby entrusted to the Chapter 15 Debtors, and the terms of the Initial Order shall apply to the Chapter 15 Debtors, their creditors, the Monitor, and any other parties-in-interest.

5. The right of any person or entity, other than the Chapter 15 Debtors, or the Monitor, to transfer or otherwise dispose of any assets of the Chapter 15 Debtors is

---

[1] The provisions of the Initial Order relating to the Interim Financing and Interim Financing Charge and matters relating thereto will be addressed in the Court's rulings on the Motion for an Order (I) Specifically Recognizing Canadian Court Order Authorizing Debtors to Borrow Under a Post-Petition Credit Facility, (II) Approving Liens On Assets Located in the Territorial Jurisdiction of the United States and (III) Granting Adequate Protection to Prepetition Secured Parties (the "Post-Petition Financing Motion")

5

hereby suspended unless authorized in writing by the Chapter 15 Debtors or by Order of this Court.

6. As provisional relief in aid of the Initial Order, except for the Interim Financing Charge, the charges as set forth in the Initial Order are hereby given full force and effect in accordance with the terms of the Initial Order.

7. The Chapter 15 Debtors are authorized to continue use of the Cash Management System with its Banks pursuant to existing agreements, including continuing to make payments to the Banks for fees for services rendered thereunder.

8. The Monitor may undertake the examination of witnesses, the taking of evidence, the production of documents, or the delivery of information concerning the assets, affairs, rights, obligations or liabilities of the Chapter 15 Debtors.

9. Nothing in this Order shall be deemed to entrust or otherwise vest the Chapter 15 Debtors or their assets to the Monitor, with the terms of the Initial Order to expressly govern the rights and responsibilities as foreign representative in this foreign main proceeding.

10. Notwithstanding Rule 7062 of the Bankruptcy Rules, made applicable to this case by Rule 1018 of the Bankruptcy Rules, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry and, upon its entry, shall become final and appealable.

11. This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any request for additional relief or any adversary proceeding brought in and through these Chapter 15 foreign proceedings, and

any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

12. If the Monitor has not already filed a copy of the Initial Order with this Court, it shall do so within ten days of the entry of this Order.

13. The security provision provided in Rule 65(c) of the Federal Rules of Civil Procedure, made applicable through Rule 7065 of the Bankruptcy Rules, is unnecessary in this case and is therefore waived.

14. This Order applies to all parties in interest in this Chapter 15 case and all of their agents, employees, and representatives, and all those who act in concert with them who receive notice of this Order.

15. A hearing on a preliminary and permanent injunction is set for April 26, 2016, at 10:30 a.m. in Courtroom 3. Counsel for the Monitor must serve this Order on parties in interest in this Chapter 15 case and provide notice of the hearing.

16. Any party in interest may make a motion seeking relief from, or modification of, this Order on not less than two (2) business days' notice to U.S. Counsel for the Monitor (the "Monitor's U.S. Counsel") and U.S. Counsel for the Chapter 15 Debtors (the "Chapter 15 Debtors' U.S. Counsel").

17. The notice required in paragraph 16 above on objections, if any, submitted for the purpose of opposing the request for a preliminary and permanent injunction sought in the TRO Application must be made in writing describing the basis therefore, filed with the Court and served on the Monitor's U.S. Counsel and the Chapter 15 Debtors' U.S. Counsel in a manner whereby such notice or objections are actually received by such counsel at least two (2) business days prior to (i) any hearing scheduled

7

on any motion seeking relief from, or modification of this Order, or (ii) the hearing date scheduled in paragraph 15 above for the hearing on the preliminary and permanent injunction.

18. If no objections to the Monitor's request for a preliminary and permanent injunction are made as herein provided, the Court may enter an order granting the preliminary and permanent injunction requested in the TRO Application without holding a hearing.

19. This Order shall remain in full force and effect until (i) the earlier of, (a) the Court rules on the Monitor's request for a preliminary and permanent injunction, or (b) the Court rules on the Expedited Petition for Recognition as Foreign Main Proceeding Pursuant to Sections 1515 and 1517 of the United States Bankruptcy Code and Related Relief, or (ii) relief from this Order is otherwise obtained as herein provided.

20. This Court shall retain jurisdiction with respect to any and all matters relating to the interpretation or implementation of this Order.

# # #

4814-3157-2527.1
113232\000001
04/05/2016 11:37 AM