**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: July 28, 2016.**

_____
**CRAIG A. GARGOTTA
UNITED STATES BANKRUPTCY JUDGE**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 16-50778-CAG |
| | § | |
| SANJEL (USA) INC., *et al.*, | § | |
| | § | CHAPTER 15 |
| Debtors in a foreign proceeding. | § | |

**ORDER GRANTING, IN PART, DARELL DAVIS'S AND CHRISTOPHER KELLER'S MOTION FOR RELIEF FROM STAY (ECF No. 280) AND MODIFYING RECOGNITION ORDER (ECF No. 185)**

Came on to be considered the above-numbered bankruptcy case, and, in particular, Darell Davis's and Christopher Kelly's Motion for Relief from Automatic Stay (ECF No. 280)[1] (the "Motion"), and Debtors' Response thereto (ECF No. 373).[2] This Court held a hearing on the Motion on July 11, 2016, and took the matter under advisement the same day.[3] For the reasons stated below, the Court finds that the Motion should be GRANTED, IN PART, and the Court's Recognition Order shall be modified.

This Court has jurisdiction over this proceeding under 28 U.S.C. §§ 157 and 1334. Venue is

---

[1] All ECF references are to the bankruptcy case docket in case No. 16-50778-CAG.
[2] The Canadian Monitor and Foreign Representative, PricewaterhouseCoopers, Inc., also submitted a brief response which supported Debtors' Response opposing relief from the stay (ECF No. 372). For purposes of this Order, the Court's discussion of Debtors' arguments apply equally to the identical arguments raised in the Monitor's Response.
[3] The Court notes that Debtors filed a Letter Brief on July 25, 2016, in response to arguments raised by Movants at the hearing on July 11, 2016, and addressing the Court's questions regarding a possible tolling agreement (ECF No. 386). Thereafter, on July 27, 2016, Movants also filed a Letter Brief (ECF No. 387) addressing these same arguments discussed by Movants in their Letter Brief. The Court has read and considered both parties' submissions but ultimately finds them inapposite to this Court's conclusions contained herein.

1

proper under 28 U.S.C. §§ 1410 and 1408. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(P) (recognition of foreign proceedings and other matters under Chapter 15 of title 11), in which this Court may enter a final order. As such, this Court makes the following findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052, made applicable to this proceeding pursuant to Fed. R. Bankr. P. 9014.

## BACKGROUND AND PARTIES' CONTENTIONS

Debtors in this case are Sanjel (USA) Inc. and related entities.[4] Movants seeking relief from stay are Darell Davis and Christopher Keller, the named plaintiffs in two collective actions alleging violations of the Fair Labor Standards Act pending in the United States District Court for the District of Colorado.[5]

On April 4, 2016, the Court of Queen's Bench of Alberta ("Canadian Court") granted an order pursuant to the Companies' Creditor Arrangement Act ("CCAA"), which extended relief to Debtors during the bankruptcy proceedings ("Initial Order"). The Initial Order also extended broad stay protection to Debtors' directors and officers stating, "During the Stay Period . . . no Proceeding may be commenced or continued against any of the former, current or future directors or officers of any of the Applicants . . ." (hereinafter the "D&O Stay")(ECF No. 1, Exhibit A ¶ 20). Further, the Initial Order gave specific stay protections to Paul Crilly, Debtors' CRO, stating, "No action or other proceeding shall be commenced against or in respect of the CRO, except with the written consent of the CRO or with leave of this Court on notice to the CRO, the Monitor, and the Applicants." (hereinafter, the "CRO Stay")(ECF No. 1, Exhibit A ¶14).

Following entry of the Initial Order, on April 4, 2016, Debtors filed a Petition for Recognition of Foreign Proceedings ("Petition") with this Court (ECF No. 1). In their Petition, Debtors requested that the proceedings in Canada be recognized as foreign main proceedings and included a copy of the Initial Order. On the same day, the Monitor filed an "Emergency Application" requesting immediate relief

---

[4] The other debtors are: Sanjel Corporation, Suretech Group Ltd., Sanjel Energy Services (USA) Inc., Suretech Completions (USA) Inc., Sanjel Capital (USA) Inc., Terracor Group Ltd., Terracor (USA) Inc., Terracor Resources (USA) Inc., Terracor Logistics (USA) Inc., and Sanjel Canada Ltd.

[5] The suits are styled *Darrel Davis, Individually and on Behalf of All Others Similarly Situated, v. Sanjel (USA) Inc.*, Case No. 1:15-cv-01980 (D. Colo.) (filed Sept. 10, 2015), and *Christopher Keller, Individually and on Behalf of All Others Similarly Situated, v. Sanjel (USA) Inc.*, Case No. 1:16-cv-00271 (D. Colo.) (filed Feb. 4, 2016).

under 11 U.S.C. §§ 105(A), 1519, and 1521[6] and also filed an Expedited Petition for Recognition under §§ 1515 and 1517 (ECF Nos. 6, 9). Initially, on April 6, 2016, this Court granted temporary relief to the Debtors under § 1519 (ECF No. 43). On April 29, 2016, this Court granted recognition of the Canadian proceedings under § 1517 and extended discretionary relief under § 1521 by entry of the Recognition Order (ECF No. 185).

The Recognition Order gave force to the Initial Order in a number of areas, including with respect to the Initial Order's stay provisions. Specifically, the Recognition Order states:

> Except with respect to the provisions of the Initial Order relating to the Interim Financing and Interim Financing Charge, the terms of the Initial Order are given full force and effect in the United States.
>
> (ECF No. 185, ¶ 2).
>
> . . .
>
> The Monitor and the Chapter 15 Debtors are granted all relief afforded under Section 1520 of the Bankruptcy Code except for those powers set forth in Section 1520(a)(3), which shall remain with the Chapter 15 Debtors, including the following: (a). Sections 361, 362 and 365 of the Bankruptcy Code apply with respect to the Chapter 15 Debtors and the property of the Chapter 15 Debtors that is within the territorial jurisdiction of the United States; provided, however, that nothing herein shall limit the right of any party-in-interest to seek relief to modify the stay under 11 U.S.C. § 362 (and the right of any party, including the Monitor and the Chapter 15 Debtors, to contest any such relief), including, without limitation, the right of the Bond Trustee to seek to modify the stay to permit it to file an involuntary petition pursuant to 11 U.S.C. § 303.
>
> (ECF No. 185, ¶ 3).
>
> . . .
>
> The following additional relief is granted pursuant to Section 1521 of the Bankruptcy Code: (a.) The commencement or continuation of any action or proceeding concerning the assets, rights, obligations or liabilities of the Chapter 15 Debtors, including any action or proceeding against PwC in its capacity as Monitor of the Chapter 15 Debtors, to the extent not stayed under Section 1520(a) of the Bankruptcy Code, is hereby stayed.
>
> (ECF No. 185, ¶ 6).
>
> . . .
>
> (c.) Subject to further order of the Court, the administration or realization of all or part of the assets of the Chapter 15 Debtors within the territorial jurisdiction of the United States

---

[6] Unless otherwise indicated, all references are to 11 U.S.C. *et seq.*

>is hereby entrusted to the Chapter 15 Debtors. The terms of the Initial Order shall apply to the Chapter 15 Debtors, its creditors, the monitor, and any other parties-in-interest.

(ECF No. 185, ¶ 6).

On May 27, 2016, about one month after this Court granted the Recognition Order, Movants filed their Motion seeking to lift or modify the stay to allow Movants to pursue their Fair Labor Standards Act ("FLSA"), claims pursuant to 29 U.S.C. § 216 against Debtors' directors and officers (ECF No. 280).[7] Movants contend that, although this Court's orders do not specifically bar claims against directors and officers, this Court gave full force and effect to those provisions in the Initial Order which insulate directors and officers. Movants argue that, under the FLSA, employees have a statutory cause of action against corporate officers and directors, and the statute of limitations on former employees' claims continues to run during the pendency of the Chapter 15 case, possibly extinguishing employee claims if the D&O Stay remains in effect in the United States. Movants provided a proposed form of order that asks this Court to lift or modify the automatic stay provisions of § 362.[8]

In response, Debtors contend that U.S. courts have "universally upheld" director and officer stays issued by Canadian courts pursuant to the CCAA, that Movants have not established that this Court should modify relief, and that Movants incorrectly requested this Court lift the § 362 stay—which does not apply to directors and officers. Debtors argue that Movants are not prejudiced by imposition of the D&O Stay because Movants have had the opportunity—and will continue to have opportunities—to bring their claims for relief from the D&O and CRO stays in the Initial Order before the Canadian court. Further, Debtors argue Movants' requested relief will result in prejudice to Debtors because continuation of Movants' litigation would occupy their limited personnel with onerous discovery and damage Debtors'

---

[7] Movants stated in their pleadings and at a number of hearings that they do not seek to pursue their FLSA claims against Debtors; rather, Movants only seek to pursue Debtors' directors and officers in the pending Colorado litigation.

[8] As discussed below, the Court finds that Movants' Motion lacks clarity regarding the statutory path which this Court must take in order to afford relief from the stay provisions, which are unique to this Chapter 15 case and are beyond the bounds of the stay protection typically afforded to cases filed as Chapter 11 in the United States. As such, the Court will address both the § 362 stay and the imposition of the D&O Stay and CRO Stay via this Court's Recognition Order.

ability to efficiently conclude the remaining restructuring tasks in the Chapter 15 case and CCAA proceeding.

## ANALYSIS

As an initial matter, the Court notes that the relief requested in Movants' Motion is simply relief from the stay so that Movants may pursue their FLSA claims against the Debtors' directors and officers in United States District Court. The method by which Movants propose to accomplish the goal of this relief is less than clear. Movants offer arguments related to lifting the § 362 stay but also allude to modification of the Recognition Order in the United States to except Movants from the D&O Stay imposed by the Initial Order in Canada. As a result, this Court must first examine the statutory framework of Chapter 15 and the language of the orders entered by the Court in this Chapter 15 case. Thereafter, the Court must determine whether the Movants' requested relief may be granted based on their Motion and whether the Court may act notwithstanding Movants' Motion. Finally, if the Court determines that it may act to grant relief, the Court must determine whether it should act and to what extent relief from the stay is appropriate. Further, the Court must make these determinations with only a handful of cases constituting non-binding precedent to help guide the Court to its conclusion.

In engaging in the above analysis, the Court first finds that the § 362 automatic stay does not apply to Debtors' directors and officers and is therefore, insufficient to provide Movants with the relief from the D&O Stay which they seek. Second, the Court finds that § 1522(c) authorizes this Court to modify the Recognition Order, notwithstanding any deficiencies in Movants' Motion. Finally, after balancing the hardships and ensuring that interested parties are sufficiently protected, the Court finds that limited modifications to previously granted relief in the Recognition Order is appropriate under § 1522(a).

**I.  Lifting the § 362 Stay is Insufficient to Allow Movants to Proceed in U.S. District Court Against Debtors' Directors and Officers.**

In their Motion, Movants offer arguments requesting relief from the § 362 stay in order to pursue their claims against Debtors' directors and officers. The Court finds, however, that providing relief from the § 362 automatic stay is insufficient to accomplish Movants' goal of opening a path to recover against Debtors' directors and officers. Further, lifting the § 362 stay has no bearing on the D&O Stay from

which Movants seek relief and therefore, any modification of the § 362 stay is wholly unnecessary to Movants' requested relief.

Upon entry of an order granting recognition of a foreign main proceeding pursuant § 1517, certain automatic effects of recognition are triggered pursuant to § 1520. Among these automatic effects of recognition, § 1520(a) states that "sections 361 and 362 apply with respect *to the debtor and property of the debtor* that is within the territorial jurisdiction of the United States." (emphasis added). By the plain language of the statute, § 1520 applies the § 362 automatic stay provisions to Debtors and Debtors' property but does not provide explicit stay protection to Debtors' directors and officers. Additionally, unlike the Initial Order entered in the CCAA proceeding, § 362 makes no reference to extension of the automatic stay to officers, directors, or similarly situated parties. Further, this Court's Recognition Order tracked the language of § 1520 and applied the automatic stay provisions of § 362 only to Debtors and Debtors' property within the United States. Therefore, providing relief from the § 362 automatic stay provisions afforded to the Debtor by § 1520(a) would not accomplish Movants' goal to pursue claims against Debtors' directors and officers—modifying the § 362 automatic stay only affects the Debtors, not their directors and officers.

**II. This Court is Authorized to Act to Modify the Recognition Order's Implementation of the D&O Stay.**

As this Court previously noted, Movants' Motion is less than clear regarding the method by which it requests this Court to accomplish the goal of lifting the D&O Stay. As a result of the Court's elimination of the possibility of accomplishing such goal by means of granting relief from the automatic stay provisions of § 362 and § 1520(a), the Court must examine whether the remainder of the Movants' Motion provides sufficient notice to Debtors of Movants' request for this Court to modify the Recognition Order; and if so, whether this Court may act to modify the Recognition Order despite Movants' failure to specifically request such relief pursuant to § 1522 of the Bankruptcy Code in their Motion.

"The court may, at the request of the foreign representative or an entity affected by relief granted under section 1519 or 1521, or at its own motion, modify or terminate such relief." 11 U.S.C. § 1522(c).

The plain language of the statute affords courts flexibility in granting or modifying relief by allowing courts to modify relief either on its own motion or upon request. *See* ***In re Tri-Continental Exch. Ltd.***, 349 B.R. 627, 637 (Bankr. E.D. Cal. 2006) ("If it later appears that conditions should be either imposed or relaxed, § 1522(c) authorizes a court, on its own motion or upon request, to modify or terminate any discretionary relief it has granted."); ***In re Nortel Networks Corp***., 2013 WL 6053845, at *4 (D. Del. Nov. 15, 2013) (emphasizing statute's use of "may" when discussing trial court's discretion to modify or terminate relief); *see also* ***In re Loy***, 448 B.R. 420, 437–38 (Bankr. E.D. Va. 2011) (determining that court had discretion to revisit a recognition order entered under § 1517 even if pro-se debtor's pleading structure to obtain relief was "vague, conclusory, and disjointed").

Given the statute's flexibility in modifying relief pursuant to § 1522(c), this Court has the discretion to modify its Recognition Order notwithstanding the lack of specificity in Movants' Motion. The Court, however, is always aware of the need to protect a respondent's opportunity to rebut the proposed modification to relief previously granted. As such, the Court closely examined Movants' Motion and Debtors' Response, in addition to the parties' arguments at the hearing, to determine whether fair notice of the proposed modification to the Recognition Order was given to Debtors so that they may raise any legal or factual arguments against such modification to the Court.

Movants' Motion is clear about their goal of pursuing their FLSA claims against Debtors' directors and officers. Movants are also clear that this Court need not lift any stay as to Debtors in order to accomplish this goal. Although Movants incorrectly focus on § 362 and provide little guidance as to the method by which this Court may modify the D&O Stay, Movants state their requests with sufficient clarity that this Court understood Movants' desired outcome. Further, Movants' Motion provided sufficient notice to Debtors of Movants' ultimate goal, so that Debtors could—and, in fact, did—raise arguments against modifying the Recognition Order pursuant to § 1522(c). Therefore, the Court finds that § 1522(c) permits this Court to modify its previously granted relief notwithstanding any lack of specificity in Movants' Motion. Further, the Court finds that Debtors were afforded sufficient notice to

raise arguments against such modification and finds that Debtors, in fact, did raise those arguments to the Court in both their Response and at the hearing.

### III. Limited Modification of the Recognition Order is Appropriate.

#### A. Statutory Framework for Modification

"The court may grant relief under section 1519 or 1521, or may modify or terminate relief under subsection (c), only if the interests of the creditors and other interested entities, including the debtor, are sufficiently protected." § 1522(a). Relief granted under §§ 1519 or 1521 may be modified or terminated at the request of the foreign representative, an interested entity affected by such relief, or on a court's own motion. § 1522(c). Further, the legislative history behind § 1522 makes clear that Congress intended to give bankruptcy courts "broad latitude to mold relief to meet specific circumstances . . . ." H.R. REP. NO. 109–31, at 116. "Chapter 15, like the Model Law, anticipates the provision of particularized protection, as stated in § 1522(a)." *Jaffe v. Samsung Elecs. Co. (In re Qimonda)*, 737 F.3d 14, 29 (4th Cir. 2013). In addition, courts may give effect to certain orders of a foreign court and not give effect to other orders. *See In re Cozumel Caribe*, 482 B.R. 330, 337–38 (Bankr. S.D.N.Y. 2014) ("Granting comity to orders of a foreign court is not an all or nothing exercise—some orders or judgments in the same case or proceeding may merit comity while others may not.")

#### B. Balancing Test Under § 1522(a)

In judging whether relief should be modified pursuant to § 1522(a), courts have engaged in a balancing of the relative hardships to the parties when considering whether the interests of interested parties are sufficiently protected. *See Jaffe*, 737 F.3d at 27-28 ("The analysis required by § 1522(a) is therefore logically best done by balancing the respective interests based on the relative harms and benefits in light of the circumstances presented, thus inherently calling for application of a balancing test."); *Nortel*, 2013 WL 6053845, at *4 (finding no error in the bankruptcy court's balancing of the hardships). In balancing the hardships under § 1522, a court may refuse to recognize specific orders in a foreign proceeding when those orders unjustifiably harm an interested party. *In re Qimonda AG*, 462 B.R. 165, 182–83 (Bankr. E.D.Va. 2011) (aff'd by *Jaffe v. Samsung Elecs. Co.*, 737 F.3d 14, 29 (4th Cir. 2013)).

8

In *Qimonda*, the Virginia bankruptcy court entered an order which recognized German insolvency proceedings but also granted protection to other interested parties by applying § 365(n), a provision that conflicts with a portion of the German Insolvency code.[9] *Id.* at 173–74. Pursuant to a provision in the German Insolvency Code that allows rejection of "cross-license patents" with licensees, the debtor sent letters of non-performance to licensees, including licensees in U.S. patents. Several of the licensees objected, arguing that § 365(n) protected their licenses to the debtor's U.S. patents. *Id.* at 182–83. The bankruptcy court balanced potential losses in value to the debtor's patent portfolio—$47 million according to the debtor—against the high risk to substantial investments made in reliance on the U.S. license agreements. *Id.* The bankruptcy court determined that, even absent a public policy determination under § 1506, the debtor's U.S. patents should be subject to § 365(n), not German insolvency law. *Id.* The bankruptcy court also made clear that its ruling did not affect the foreign administrator's right to terminate licenses to non-U.S. patents. *Id.* at 185–86. On appeal, the Fourth Circuit Court of Appeals affirmed the bankruptcy court, holding that it properly applied § 1522(a) by weighing the interests of the debtor against the interests of adversely affected parties.[10] *Jaffe*, 737 F.3d at 29.

By contrast, when plaintiffs are not severely prejudiced by recognition of the foreign court's order and granting relief would prejudice the debtors, a bankruptcy court has discretion to refuse modification of previously granted relief. *Nortel*, 2013 WL 6053845, at *3–4. In *Nortel*, the district court upheld the bankruptcy court's denial of plaintiffs' motion to modify a recognition order, which would have allowed plaintiffs to pursue securities litigation against the debtors' officers and directors. *Id.* at *4. Pursuant to § 1521, the bankruptcy court had previously given full force and effect to a Canadian order that stayed any proceedings against current or former officers of the debtors. *Id.* at *1. In refusing to modify the effects of its recognition order, the district court held that the bankruptcy court "properly

---

[9] Section 365(n) is not part of the automatic relief granted upon recognition, but instead, its application by the bankruptcy court post-recognition is "entirely discretionary." *In re Qimonda*, 462 B.R. at 184.

[10] The bankruptcy court also ruled on § 1506 grounds and determined that application of the German Court's order was manifestly contrary to U.S. public policy even though the German proceedings were procedurally fair and only statutory rights, not Constitutional rights, were at issue. *In re Qimonda*, 462 B.R. at 185–86. On appeal, the Fourth Circuit affirmed solely on § 1522 and therefore, did not reach the issue of whether § 1506 is implicated. *Jaffe*, 737 F.3d at 32.

9

relied heavily on principles of comity, concluding correctly that the request for relief sought by Appellants could have and should have been brought before the Canadian court . . . ." *Id*. at *3 (citations omitted). The court also determined that opening up officers—even former officers—to securities litigation would unfairly strain the debtors' limited resources. *Id*. at *3. The district court noted that the bankruptcy judge "examined the circumstances, drawn from the parties' presentations as well as his own familiarity with the cases, and concluded that the relief sought was not warranted, given a balance of the hardships which clearly rests in favor of the debtors." *Id*. at *4 (internal citations and ellipses omitted).

Similar to both *Qimonda* and *Nortel*, this Court extended relief beyond what applies automatically upon recognition, and this Court did so pursuant to § 1521. Therefore, the Court, pursuant to § 1522(a), will balance the hardships between Debtors and Movants in order to determine whether modifying relief will sufficiently protect all interested entities.

**C.     Application**

To balance the hardships effectively, it is necessary to understand Movants' argument regarding the running statute of limitations on FLSA claims for potential class members. Under the FLSA, employees have a statutory right to bring claims against directors and officers for unpaid minimum wages or unpaid overtime, and pursuing claims is further encouraged by awarding attorney's fees to successful litigants. *See* 29 U.S.C. § 216(b) (The court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). In collective actions under the FLSA, an opt-in plaintiff's action is not commenced until the plaintiff's "written consent is filed in the court in which the [collective] action was commenced." 29 U.S.C. § 256(b). Further, looking at the plain language of § 108(c) of the Bankruptcy Code, any automatic tolling as a result of these bankruptcy proceedings applies only with respect to actions against debtors, not a debtor's directors and officers. Any tolling of claims against a debtor's officers and directors would come either from a tolling agreement between the parties or at the decision of district court where these claims are being brought. According to Movants, potential class members who have not filed written consents are particularly vulnerable to the FLSA's running statute of limitations. Absent a modification

of the stay, Movants are barred from bringing their tolling arguments before the district court until such time as the D&O Stay and CRO Stay expires under the CCAA, which may well be too late in the case that the district court finds that tolling does not apply. Further, Debtors indicated to this Court at the hearing that they were not prepared to enter into a tolling agreement at that time with the Debtors.[11] Therefore, modifying the D&O Stay would appear to be the only way to ensure protection of Movants' interests so that consents may be filed within the applicable statute of limitations period. Without such modification, Movants risk losing their FLSA claims in their entirety during the pendency of Debtors' CCAA proceeding.

Looking at counterbalancing concerns, Debtors in this case put forth legitimate arguments regarding the additional burden Movants' litigation would place on their limited staff's ability to efficiently conclude restructuring tasks. The Court finds that this burden, however, does not outweigh the prejudice to Movants. Further, Debtors argue that Movants are not prejudiced because Movants have an appropriate avenue to seek relief from the D&O Stay in the form of the Canadian Court. To support this argument, Debtors rely on the district court's affirmance of the bankruptcy court in *Nortel*.

To the extent that *Nortel* determined litigants could have and should have requested relief from stay exclusively from the Canadian Court for claims which originated wholly under a United States statutory right, the Court disagrees. In fact, the *Nortel* court provided no reasoning as to why it believed the Canadian Court to be the proper venue for seeking such relief. In this case, it would be unreasonable and exceedingly burdensome to require Movants to go to Canada and request that the Canadian Court lift the D&O Stay to allow Movants to pursue claims in Colorado based wholly on a statutory right created by United States law to protect employees within the United States. Further, *Nortel* did not discuss the possibility that the litigants in that case risked losing their claims based on a statute of limitations. Thus, there was little mention of potential prejudice to the litigants.

---

[11] Debtors' counsel addressed this statement in their Letter Brief filed July 25, 2016 (ECF No. 386), informing the Court that counsel does not represent the directors and officers and therefore, lacks the authority to enter into a tolling agreement on their behalf.

Under the circumstances in this case, the Court may fashion limited modification of the Recognition Order which will protect Movants' interests without posing an incredible burden or threat to the Debtors and their restructuring.[12] Having weighed the potential harms to both Movants and Debtors, this Court concludes that it should modify the relief granted in the Recognition Order which gave the D&O Stay full force and effect in the United States and applied that stay to any parties-in-interest. The Court's modification of the Recognition Order is for the specific purpose of preserving Movants and potential opt-in plaintiffs' FLSA claims given the running statute of limitations. The Court finds that the D&O Stay should be modified for the purpose of allowing Movants to do limited discovery aimed to determine the identity of the directors and officers (former or present) against whom FLSA claims should be brought. The Court also finds that the D&O Stay should be modified for the limited purpose of allowing potential opt-in plaintiffs to commence actions by filing written consents with the District Court in Colorado. These limited modifications affect only the Initial Order's force and effect within the United States and does not affect any other provision in the Recognition Order or extend relief from the D&O Stay to any other party beyond the Movants and potential opt-in plaintiffs in the Colorado District Court FLSA actions.

Further, the Court finds that Recognition Order is modified to grant relief from the CRO Stay extended to Paul Crilly as the Chief Restructuring Officer for the Debtor for the limited purpose of permitting Movants to name Mr. Crilly as a defendant, if they so choose, and to permit the filing of consents with regard to potential FLSA claims against Mr. Crilly. The Court specifically does not modify what the Debtors have characterized as a "permanent stay" for Mr. Crilly as CRO at this time. Although it appears that this permanent stay provision of the Initial Order acts as a discharge injunction of any liability for Mr. Crilly pursuant to the FLSA claims, the Court finds that modification of that permanent

---

[12] Debtors also cite to ***Collins v. Oilsands Quest Inc.***, 484 B.R. 593, 596–97 (Bankr. S.D.N.Y. 2012), in which a U.S. District Court recognized a Canadian court's order that stayed proceedings against debtors' directors and officers, thereby insulating them from securities litigation. *Id*. at 595. While recognizing the importance of securities litigation to U.S. public-policy interests, the Court made a determination pursuant to § 1506 that a "temporary stay of proceedings will not be manifestly contrary to those interests." *Id*. at 597. This Court, however, has determined that modification of the Recognition Order pursuant to § 1522 is appropriate and therefore, as the Fourth Circuit Court of Appeals found in ***Jaffe*** reviewing ***Qimonda***, reaching the merits of public policy implications is not necessary in this case.

stay has not been requested or fully briefed before the Court at this time. Further, the Court chooses not exercise its prerogative to modify the relief afforded to Mr. Crilly absent a request of the Movants, particularly given that he is not currently a named defendant in the pending FLSA litigation.

## CONCLUSION

IT IS THEREFORE ORDERED that Darell Davis's and Christopher Keller's Motion for Relief from Stay (ECF No. 280) is GRANTED, IN PART.

IT IS FURTHER ORDERED that the Recognition Order (ECF No. 185) is MODIFIED to permit Movants to conduct limited discovery to determine the identity of the directors and officers (former or present), included Paul Crilly, against whom FLSA claims should be brought. Such limited discovery should be conducted under the auspices of the United States District Court for the District of Colorado in the cases styled: *Darrel Davis, Individually and on Behalf of All Others Similarly Situated, v. Sanjel (USA) Inc.*, Case No. 1:15-cv-01980 (D. Colo.) (filed Sept. 10, 2015), and *Christopher Keller, Individually and on Behalf of All Others Similarly Situated, v. Sanjel (USA) Inc.*, Case No. 1:16-cv-00271 (D. Colo.) (filed Feb. 4, 2016).

IT IS FURTHER ORDERED that the Recognition Order (ECF No. 185) is MODIFIED to permit potential opt-in plaintiffs to commence actions by filing written consents in the cases styled: *Darrel Davis, Individually and on Behalf of All Others Similarly Situated, v. Sanjel (USA) Inc.*, Case No. 1:15-cv-01980 (D. Colo.) (filed Sept. 10, 2015), and *Christopher Keller, Individually and on Behalf of All Others Similarly Situated, v. Sanjel (USA) Inc.*, Case No. 1:16-cv-00271 (D. Colo.) (filed Feb. 4, 2016).

All other relief not specifically granted herein is DENIED.

# # #